### ORTNER v. PEOPLE.

*Criminal law. Perjury — affidavit not required by law not subject of — affidavit to claim against city of Buffalo.*

By Laws 1870, chapter 519, title 3, section 7, it is provided that the common council of Buffalo shall not audit any claim unless it is accompanied by an affidavit that it is in all respects just and correct; and by title 16 of section 11 of the same chapter, it is provided that every person who shall willfully and corruptly swear false to any material fact, in any affidavit authorized by the act, shall be guilty of perjury. *Held,* that an indictment charging perjury in making a false affidavit to a claim against the city, which did not aver that such affidavit was authorized by the charter, or was for the purpose required by title 3, section 7, or that the claim to which it was appended was ever presented for audit, was insufficient.

The affidavit was made voluntarily to a claim which was presented to the city engineer. The one taking the affidavit had no legal authority to require it to be made. *Held,* that there was no perjury under 2 R. S. 681, § 2.

ERROR to the Erie sessions to review the conviction of John Ortner for perjury.

The perjury charged was in making an affidavit to a claim against the city of Buffalo for repairs made upon a certain sewer in said city. The plaintiff in error had received directions to repair a number of sewers from the city engineer, and subsequently presented at the engineer's office bills for such repairs. One of the sewers was designated as the "Georgia street sewer," and the account presented for labor and material thereupon amounted to $162.54. To this account was appended an affidavit by the plaintiff in error stating that all the labor and material mentioned were furnished, which was sworn to before a clerk in the engineer's office, who was a commissioner of deeds. The affidavit was made at the request of said

clerk, to whom Ortner presented the account. Such other facts as are material appear in the opinion.

*Lewis & Gurney,* for plaintiff in error.

*Benj. H. Williams,* for the people.

Present — MULLIN, P. J., E. DARWIN SMITH and GILBERT, JJ.

GILBERT, J. The gist of the offense of which the prisoner was convicted consists of willfully and corruptly swearing false in an affidavit made for the purpose of obtaining an audit of an unliquidated claim which he had against the city of Buffalo, by the common council of that city, pursuant to section 7 of title 3 of the charter thereof. That section prohibits the common council from auditing any such claim unless it be made out in detail, with certain prescribed specifications, and unless accompanied by an affidavit that the claim and the items and specifications thereof are in all respects just and correct. Laws 1870, chap. 519, § 7. Section 11 of title 16 provides that every person who shall willfully and corruptly swear false to any material fact in *any affidavit authorized by the act* shall be guilty of perjury.

It is not averred in the indictment that the affidavit was authorized by the charter, or that it was made for the purpose required by section 7 of title 3, or that the claim to which it was appended was ever presented to the common council for audit. The averment is that the prisoner caused his bill to be presented to Mr. Ditto, the engineer, and that he made the affidavit before Mr. Pierce, who was a commissioner of deeds, and a clerk in the office of the engineer. But it is not averred that it was any part of Mr. Ditto's duties to receive the bill, or that he in fact received it for any purpose connected with an audit. Without the averments omitted, or equivalent ones sustained by proof, the offense would not be made out, for if the affidavit was made for any other purpose than that of obtaining an audit of the claim, and was misapplied, it was not authorized by the charter, and perjury could not be assigned upon it under section 11 of title 16. It is a familiar rule, that if the indictment does not set forth the facts requisite to constitute the offense charged, a conviction upon it must be reversed.

The provisions of the Revised Statutes which define the crime of perjury (2 R. S. 681, § 2) cannot be applied to the case. It would

not under any circumstances fall under subdivision 1 of that section. It might properly fall under subdivision 2, if the indictment contained an averment that the affidavit was necessary in the prosecution of a private right of the prisoner. But the indictment does not show that fact. The learned district attorney replied to the objection that the indictment was defective, by referring us to the third subdivision of that section, which applies to a case where any oath may be lawfully required by any administrative officer. There are three answers to this :

First. The oath was not in fact required, but was made voluntarily. Nor does it appear that Mr. Pierce, who took the affidavit, was authorized by the common council, or that it was his duty as a city officer, to make such a requisition, or that there is any law conferring such authority upon him.

Second. It cannot lawfully be required, but it was optional with the prisoner whether he would make the affidavit or forego the audit of his bill. Verifying it without the purpose of having it presented for audit would not be an offense.

Third. The administrative officers referred to in subdivision 3 are those enumerated in title 5 of chapter 5, part 1 of the Revised Statutes, and Mr. Pierce's functions do not bring him within that class, for he was not an administrative officer of any sort, but a clerk only in the office of the engineer.

We are satisfied that the indictment is insufficient, and for that reason the conviction must be reversed, and as no conviction can legally be had upon it, the prisoner must be absolutely discharged. 2 R. S. 742, § 24.

*Judgment reversed.*